**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROLAND STEVENS

    Plaintiff,

v.

                             CASE NO. 2:14-CV-11419
                             HONORABLE GERSHWIN A. DRAIN
                             UNITED STATES DISTRICT JUDGE

REGINA TRIPLETT,

    Defendant,

_____/

## OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g)

This matter is before the Court on Plaintiff Roland Stevens' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Stevens is a state prisoner who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### I. Background

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." 28 U.S.C. § 1914(a); *see also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Mr. Stevens failed to provide the $350.00 filing fee when he filed his complaint. The

Prison Litigation Reform Act of 1996 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended); *see also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that Mr. Stevens has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Stevens v. Leithauser*, No. 2:14-CV-11132, 2014 WL 1260149 (E.D. Mich. March 26, 2014); *Stevens v. Glanda,* No. 14-10905 (E.D. Mich. March 10, 2014); *Stevens v. Michigan Dep't of Corr.,* No. 2:13-CV-354; 2013 U.S. Dist. LEXIS 169403 (W.D. Mich. December 2, 2013).

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The

2

three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

Mr. Stevens has at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted and thus his complaint is subject to dismissal pursuant to § 1915(g). Although Mr. Stevens' lawsuit does not involve prison conditions but instead involves claims of ineffective assistance of counsel and malpractice towards his criminal defense attorney, there is no case authority which establishes that § 1915(g) applies only to lawsuits which involve prison conditions. *See e.g. Peoples v. Doolan,* 23 F. App'x 388, 389 (6th Cir. 2001)(*pro se* prisoner, who sued police officer and city under § 1983 concerning a prior arrest could have his *in forma pauperis* status revoked, where at least three prior civil actions filed by him were dismissed as frivolous, and prisoner cited nothing which would exclude his claim from the three strikes provision). The provisions of §1915(g) are therefore applicable

to Mr. Stevens' case.

Additionally, Mr. Stevens has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his three prior frivolity dismissals. *Mulazim v. Michigan Dep't of Corr.,* 28 F. App'x 470, 472 (6th Cir. 2002).

Mr. Stevens' civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Mr. Stevens may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since Mr. Stevens has had at least three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-06 (W.D. Tenn. 1999). The Court therefore declines to certify that any appeal from this dismissal would be in good faith.

### III.  ORDER

**IT IS HEREBY ORDERED** that Plaintiff Roland Stevens' *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by Mr. Stevens would not be done in good faith.

**SO ORDERED.**

/s/Gershwin A Drain
**HON. GERSHWIN A. DRAIN**
**UNITED STATES DISTRICT COURT**

DATED: April 21, 2014